UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

LUZ CASTRO MENDRE,

    Plaintiff,

v.

HUMANA HEALTH PLANS OF PUERTO RICO, Inc.,

    Defendant.

Civil No. 12-1946 (JAF)

**OPINION AND ORDER**

Plaintiff Luz Castro Mendre ("Castro-Mendre") sued her employer, Defendant Humana Health Plans of Puerto Rico, Inc. ("Humana") for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and its local counterparts, Law 100, 115, and Articles 1802 and 1803 of the Puerto Rico Civil Code.  (Docket No. 1.)  On June 10, 2014, we granted summary judgment in favor of Humana, dismissing Castro-Mendre's federal law claims with prejudice and dismissing her Commonwealth law claims without prejudice.  (Docket Nos. 122, 123.)  On July 7, 2014, Castro-Mendre filed a motion for reconsideration.  (Docket No. 125.)  Humana responded on July 22, 2014.  (Docket No. 126.)  Castro-Mendre replied on August 2, 2014.  (Docket No. 130.)  For the following reasons, we deny the motion for reconsideration.

Castro-Mendre suggests that we misstated the facts of the case.  However, her ten-page recitation of the "correct" facts does not include a single record citation.  (*See* Docket No. 125.)

Castro-Mendre also argues that her claims are not time-barred. She relies on the theory of equitable estoppel by stating that she withdrew her first administrative complaint "for the *quid pro quo* that the harassment would stop." (Docket No. 125 at 12.) That administrative complaint was closed and dismissed with prejudice. (*See* Docket No. 126.) Castro-Mendre does not cite to any record of a promised exchange for withdrawing her first complaint. (*See* Docket No. 125.)

Castro-Mendre also argues that Humana is vicariously liable for Alberto Lopez's conduct because he was her supervisor and docked her pay. (Docket No. 125 at 14.) At the time he sent lewd pictures, it is uncontested that he was not her supervisor. (*See* Docket No. 125.) Castro-Mendre provides no record citation to any evidence that her pay was docked when he became her supervisor six months later. (Docket No. 125.)

Castro-Mendre also argues that "the retaliation timeline began when Humana reprimanded Ms. Castro for dressing provocatively in response to her complaint about Mr. Lopez, and <u>it never ceased</u>." (Docket No. 125 at 16)(emphasis in original). After Castro-Mendre filed her complaint, Humana's stateside human resources department conducted a full investigation into the work environment. Castro-Mendre was one of eleven employees who received some sort of coaching or improvement plan as a result of the investigation. (Docket No. 62-1 at 8-9.) A reasonable jury would not find that she was singled out for her complaint as one of eleven employees to receive coaching. Castro-Mendre also argues that she never forged signatures, and that this was therefore a pretext for retaliation. (Docket No. 125.) However, Humana presented detailed evidence of her forgeries in its original summary judgment motion. (Docket No. 62-1 at 12- 20.)

Once Humana articulated a "legitimate, nondiscriminatory reason for the adverse employment decision" the burden of proof remained with Castro-Mendre to show "unassisted by the original inference of discrimination, that the employer's proffered reason is actually a pretext for discrimination of the type alleged." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 823 (1st Cir. 1991). She failed to carry this burden.

For the foregoing reasons, Castro-Mendre's motion for reconsideration (Docket No. 125) is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 5th day of September, 2014.

                                                                S/José Antonio Fusté
                                                                JOSE ANTONIO FUSTE
                                                                U. S. DISTRICT JUDGE